UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AMBER R. W.,

                            **Plaintiff,**

         v.                                                  6:22-CV-626 (FJS/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                            **Defendant.**

_____

**APPEARANCES**                           **OF COUNSEL**

**OLINSKY LAW GROUP**            **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street               **CHELSEA WILLIAMS RENGEL, ESQ.**
Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY**               **JUNE L. BYUN, SAUSA**
**ADMINISTRATION**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

       Plaintiff Amber R. W. brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for benefits. *See generally* Dkt. Nos. 1, 10. The Court referred the matter to Magistrate Judge Peebles for a Report-Recommendation. *See* Dkt. No. 13. After reviewing the parties' briefs, *see* Dkt. Nos. 10, 12, and the

Administrative Record ("AR"), *see* Dkt. No. 9, Magistrate Judge Peebles issued a Report-Recommendation, in which he recommended that the Court deny Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 10, and grant Defendant's motion for judgment on the pleadings, *see* Dkt. No. 12. *See* Dkt. No. 15, Report-Recommendation. Plaintiff filed objections to Magistrate Judge Peebles's recommendations, *see* Dkt. No. 16, to which Defendant responded, *see* Dkt. No. 17.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'" *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). A court reviews for clear error findings and recommendations as to which there are no properly preserved objections. *See id.* Likewise, to the extent that a party asserts "'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original'" submissions, the Court reviews them only for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotations omitted).

### III. DISCUSSION

In her objections, Plaintiff argues that Magistrate Judge Peebles correctly identified that the Administrative Law Judge Kenneth Theurer (the "ALJ") erroneously failed to consider the supportability and consistency factors with respect to the opinions of her treating practitioner, George Markwardt, DNP-FNP, but that Magistrate Judge Peebles improperly concluded that such error was harmless. *See* Dkt. No. 16, Pl's Objections, at 1. Specifically, Plaintiff objects to Magistrate Judge Peebles's conclusion that there was "'no indication that the functional limitations found within those opinions are actually inconsistent' with the ALJ's RFC finding."[1] *See id.* (citing Dkt. No. 15 at 16). According to Plaintiff, Dr. Markwardt opined that she had "moderate" limitations in various areas, including walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing. *See id.* (citing Dkt. No. 15 at 16 (citing AR at 1435, 1437[2])). Plaintiff contends that Magistrate Judge Peebles erroneously concluded that her moderate limitations, including in sitting, were not inconsistent with the finding that she could perform sedentary work. *See id.* at 1-2 (citing Dkt. No. 15 at 17) (other citation omitted).

In his decision, the ALJ found that Plaintiff has the RFC to perform "sedentary work," as defined in 20 C.F.R. § 416.967(a), "except she can occasionally lift and carry ten pounds, sit for approximately six hours, and stand or walk for approximately two hours in [an] eight-hour day with normal breaks." *See* AR at 16. The ALJ also found that Plaintiff can "occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs and never climb ladders, ropes,

---

[1] An "RFC" is a claimant's residual functional capacity. "A claimant's RFC is the most he or she can do despite his or her limitations." *Carol C. v. Comm'r of Soc. Sec.*, No. 8:21-cv-00862 (TWD), 2023 WL 2664430, *7 (N.D.N.Y. Mar. 28, 2023) (Dancks, M.J.) (citing 20 C.F.R. § 404.1545(a)(1)).

[2] Page numbers following "AR" correlate to the Bates Stamp numbers in the bottom right-hand corner of all documents within the Administrative Record.

or scaffolds." *See id.* Furthermore, the ALJ concluded that Plaintiff can also "perform no more than frequent reaching with her right upper extremity." *See id.*

With respect to Dr. Markwardt's opinions, the ALJ noted that, in a June 2020 employment assessment form, he opined that Plaintiff was unable to work but she had moderate limitations walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing stairs. *See id.* at 19. The ALJ also pointed out that, on an application for a parking pass from the Department of Motor Vehicles ("DMV") at that time, Dr. Markwardt checked a box indicating that Plaintiff was severely limited in her ability to walk. *See id.* Furthermore, on another form Dr. Markwardt completed in September 2019, he opined that Plaintiff was unable to work and had no limitations walking but moderate limitations standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing stairs. *See id.* The ALJ found that these opinions were "less persuasive" as he provided his opinions "on checkbox forms without any support for his opinion," his opinions are "expressed in vague and conclusory terms," his opinions "lack the function-by-function analysis required for a determination of Social Security Disability," and the conclusion of whether Plaintiff is "disabled" is a determination reserved for the Commissioner. *See id.*

The ALJ also pointed to Dr. Markwardt's October 2020 opinion that Plaintiff was limited to sedentary work, could stand and walk for less than two hours in an eight-hour workday, could sit for less than two hours in an eight-hour workday, could occasionally kneel, crouch, stoop, reach, and handle, and could never climb, balance, or crawl. *See id.* The ALJ also found that opinion "less persuasive" as it was "expressed on a checkbox form on which Dr. Markwardt provided no support for his opinion." *See id.* Additionally, the ALJ noted that the only positive finding contained in Dr. Markwardt's own treatment notes was a reference to

Plaintiff's restricted range of motion in the lumbar area or right upper extremity, with "no support whatsoever for any restriction involving [Plaintiff's] left upper extremity or for such extreme limitations for sitting or balancing." *See id.* The ALJ also remarked that Dr. Markwardt's opinion was not consistent with the evidence of record, including consultative examiner Dr. Gilbert Jenouri's opinion. *See id.*

In Magistrate Judge Peebles's Report-Recommendation, he noted that, in support of Plaintiff's challenge to the Commissioner's determination, she argued that the ALJ erred in assessing Dr. Markwardt's multiple opinions for the following five reasons: (1) the ALJ should not have relied on the checkbox nature of the forms as reason for discounting the opinions; (2) the ALJ erred in finding that use of terms such as "moderate" rendered many opinions too vague and conclusory to be useful for formulating his RFC finding; (3) the ALJ erred in finding that statements to the effect that Plaintiff is unable to work are equivalent to statements that she is disabled; (4) the ALJ failed to consider the required factors of supportability and consistency related to Dr. Markwardt's earlier opinions; and (5) although the ALJ nominally considered those factors in the October 2020 opinion, his analysis was so conclusory as to prevent meaningful review. *See* Dkt. No. 15 at 10-11.

Magistrate Judge Peebles then summarized each of Dr. Markwardt's opinions in connection with this matter. *See id.* at 13-15. Magistrate Judge Peebles noted that, in a September 17, 2019 form for the New York State Office of Temporary and Disability Assistance, Dr. Markwardt wrote that Plaintiff had permanent chronic pain causing moderate limitations in her abilities to stand, sit, lift, carry, push, pull, bend, and climb or use stairs, but no limitations in her abilities to walk, see, hear, speak, or use her hands, and she was unable to work. *See id.* at 13 (citing AR at 1436-37). On June 7, 2020, using the same form, Dr.

Markwardt allegedly made essentially identical findings, with the addition of a finding that Plaintiff was moderately limited in her ability to walk. *See id.* (citing AR at 1434-35). Magistrate Judge Peebles also noted that, in a June 23, 2020 form for the DMV, Dr. Markwardt opined that Plaintiff was permanently disabled and severely limited in her ability to walk. *See id.* at 13-14 (citing AR at 1439). Furthermore, Magistrate Judge Peebles pointed to Dr. Markwardt's October 23, 2020 medical source statement, in which he opined that Plaintiff can lift and carry ten pounds frequently and occasionally, stand or walk for less than two hours in an eight-hour workday without leaning or use of a supportive device, sit in an upright position for less than two hours in an eight-hour workday, occasionally kneel, crouch, stoop, reach and handle, but never climb, balance, or crawl. *See id.* at 14 (citing AR at 1419-20). Magistrate Judge Peebles noted that, in the section of the form requesting he provide an explanation for his findings, Dr. Markwardt simply wrote "see neurosurgeon/orthopedic notes." *See id.* (citing AR at 1420).

After addressing the ALJ's findings on these opinions, Magistrate Judge Peebles concluded that the ALJ "completely failed to consider the regulatory factors of supportability and consistency related to these opinions." *See id.* at 15. Magistrate Judge Peebles remarked that, although the ALJ mentioned that Dr. Markwardt did not provide any support for his opinions on the relevant forms, the ALJ did not assess whether Dr. Markwardt's opinions were supported by other evidence he provided, including his treatment notes. *See id.* Additionally, Magistrate Judge Peebles asserted that the ALJ failed to make any evaluation of whether Dr. Markwardt's opinions are consistent with other evidence in the record; instead, the ALJ simply found them to be expressed in vague and conclusory terms that lacked the requisite function-by-function analysis to make them useful. *See id.* Magistrate Judge Peebles further remarked that,

in addition to failing to consider the relevant factors, the ALJ's finding that Dr. Markwardt's use of the term "moderate" was too vague and conclusory to be useful was "notably inconsistent with the fact that [the ALJ] found the opinion of consultative examiner Dr. Gilbert Jenouri, which expressed the examiner's opinion in similar terms of mild and moderate, to be persuasive." *See id.* at 15-16. Thus, because the ALJ failed to consider the required regulatory factors of supportability and consistency as to Dr. Markwardt's opinions and the reasons on which the ALJ provided did not withstand scrutiny, Magistrate Judge Peebles found that the ALJ erred in his assessment of those opinions. *See id.* at 16.

Nonetheless, Magistrate Judge Peebles found that such errors were harmless "because there is no indication that the functional limitations found within those opinions are actually inconsistent with the ALJ's RFC finding." *See id.* Magistrate Judge Peebles noted that Dr. Markwardt's conclusions all indicated that Plaintiff was "moderately limited" in actions such as walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing, yet the forms he completed did not define the phrase "moderately limited." *See id.* at 16-17. Magistrate Judge Peebles thus assumed that "moderate" is defined or at least interpreted as generally understood in the Social Security disability context – which the ALJ appeared to have assumed with respect to Dr. Jenouri's opinion – and found that the limitations Dr. Markwardt imposed "would not be inconsistent with the finding of sedentary work with occasional postural activities and climbing." *See id.* at 17 (citing *Raymonda C. v. Comm'r of Soc. Sec.*, 19-CV-0178, 2020 WL 42814, at *4 (N.D.N.Y. Jan. 3, 2020) (Suddaby, C.J.) (finding that opinion for moderate restrictions in the abilities to stand, walk, sit, lift, and carry are not inconsistent with the capacity to perform sedentary work)). Accordingly, "[b]ecause it appears that the ALJ's RFC finding reasonably accounts for all of the physical limitations opined by Dr. Markwardt

other than those touching upon issues reserved to the Commissioner," Magistrate Judge Peebles found "that any error in the ALJ's analysis of these opinions is harmless because a more proper evaluation would not reasonably alter the outcome in this case." *See id.* (citation and footnote omitted).

Plaintiff contends that Magistrate Judge Peebles's statement that a "proper evaluation" would not reasonably alter the outcome in this case is a misapplication of the harmless error standard and that Plaintiff was possibly prejudiced by the ALJ's failure to follow the Commissioner's regulations in evaluating Dr. Markwardt's September 2019 and June 2020 opinions, "which inherently conflict with the ability to perform sedentary work." *See* Dkt. No. 16 at 4. Plaintiff further argues that Magistrate Judge Peebles erroneously substituted his rationale for the ALJ, worked backwards to retroactively connect-the-dots, and acted outside his authority in concluding that her severe limitations in walking – as Dr. Markwardt noted on the DMV form – are inconsistent with the medical evidence. *See id.* at 4-5. Plaintiff also asserts that Magistrate Judge Peebles erred in disposing of Plaintiff's additional moderate limitation in her ability to function in a work setting at a consistent pace as a result of her depression without logic and in a footnote. *See id.* at 5. Defendant responds that Plaintiff's arguments predominantly rehash those she previously presented to Magistrate Judge Peebles, and she fails to substantively address any finding in the Report-Recommendation. *See* Dkt. No. 17 at 2.

As Magistrate Judge Peebles indicated, under the applicable regulations, the ALJ is required to "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. § 416.920c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [he] considered the supportability and

consistency factors" for a medical opinion. 20 C.F.R. § 416.920c(b)(2). Plaintiff does not object to Magistrate Judge Peebles's finding that the ALJ erred in failing to consider the consistency and supportability factors with respect to Dr. Markwardt's September 2019 and June 2020 opinions. The Court finds that Magistrate Judge Peebles did not clearly err in coming to this conclusion.

Turning to Magistrate Judge Peebles's finding that the ALJ's error was harmless, the Court reviews this conclusion *de novo* and recalls that "[t]he harmless error analysis is applicable to Social Security cases." *Michael C. v. Comm'r of Soc. Sec.*, No. 1:18-CV-1115 (ATB), 2019 WL 7293683, *3 (N.D.N.Y. Dec. 30, 2019) (Baxter, M.J.) (citing *Thompson v. Comm'r of Soc. Sec.*, 10-CV-1085 (GLS/ATB), 2011 WL 5080239, at *13 (N.D.N.Y. Aug. 18, 2011)) (parenthetical and other citations omitted). "[A]n ALJ's errors in weighing the evidence or applying the law may be considered harmless where proper consideration of the evidence or law would not have changed the outcome." *Id.* (citations omitted). Upon review of the record, and for the following reasons, the Court agrees with Magistrate Judge Peebles and finds that the evidence does not support a finding that the ALJ would have come to a different conclusion had he properly considered the supportability and consistency factors with respect to Dr. Markwardt's September 2019 and June 2020 opinions.

Regarding the "supportability" factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Dr. Markwardt did not point to any specific records for support in his September 2019 and June 2020 opinions, but he alleged that Plaintiff suffered from chronic

neck and back pain and depression, and she was unable to work due to her orthopedic conditions and mental health disorders.[3] *See* AR at 1286-1289. Plaintiff's treatment records with Dr. Markwardt at that time showed that she had a reported past medical history of gastroenteritis, fatigue, hypokalemia, dysphagia, secondary amenorrhea, neck pain, thoracic back pain, hypertriglyceridemia, elevated liver enzymes, migraine, recurrent kidney stones, obstructive sleep apnea, hypothyroidism, dysmenorrhea, chronic back pain, chronic female pelvic pain, generalized anxiety disorder, hypertension, bulging lumbar disc with soft tissue damage, bilateral L5 spondylosis, elevated liver function tests, chest wall contusion, right shoulder pain, hemochromatosis, polycythemia, cystitis, and bilateral otitis media. *See* AR at 1293-94, 1297-98, 1301-02, 1305-06, 1310-11, 1314-15, 1318-19, 1324. Dr. Markwardt repeatedly noted that Plaintiff had generalized tenderness in her back and restricted range of motion due to pain. *See id.* at 1302, 1309, 1319, 1326. Dr. Markwardt also found at most appointments that Plaintiff had restricted range of motion upon musculoskeletal examination due to pain, but he did note on one instance that she had full range of motion. *See id.* at 1294, 1302, 1309, 1312, 1316, 1319, 1326. He also found that Plaintiff had full range of motion in her neck upon examination. *See id.* at 1301, 1309, 1312, 1316, 1319, 1326. The Court finds

---

[3] Plaintiff points to the fact that Magistrate Judge Peebles properly found that the ALJ erred in failing to consider Dr. Markwardt's opinion that she had a moderate limitation in her ability to function as a result of her depression but, as stated above, argues that Magistrate Judge Peebles improperly concluded that the ALJ's error was harmless. *See* Dkt. No. 16 at 5. The Court finds that Magistrate Judge Peebles did not err in coming to this conclusion. As Magistrate Judge Peebles correctly noted, the ALJ found that Plaintiff's mental health caused her no more than minimal limitations after he thoroughly addressed the other evidence in the record pertaining to her mental health, including treatment records from mental healthcare providers and a consultative psychiatric review. *See* Dkt. No. 15 at 16 n.6 (citing AR at 14-15). Thus, even if the ALJ had considered Dr. Markwardt's opinion that Plaintiff was moderately limited due to her mental health, such opinion would not have changed the ALJ's ultimate conclusion that Plaintiff's depression caused only a minimal limitation.

that these results upon examination do not fully support Dr. Markwardt's opinion that Plaintiff is unable to work due to her chronic neck and back pain.

Regarding the "consistency" factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). The ALJ found Dr. Jenouri's report following a consultative examination "persuasive," in which he noted that Plaintiff complained of a history of neck, mid-back, and low-back pain described as "sharp with intensity of 7/10 that occurs frequently, is precipitated with activity, and radiates to the bilateral lower extremities. *See* AR at 18-19, 1080. Nonetheless, Dr. Jenouri noted that Plaintiff was able to cook twice per week, clean as needed, do laundry three times per week, shop once per month, provide childcare every day, dress every day, and shower three times per week. *See id.* at 1080-81. Dr. Jenouri concluded that Plaintiff had an antalgic gait, could walk on heels and toes with difficulty, could squat at 50%, did not need help changing for the exam, getting on and off the exam table, and could rise from her chair without difficulty. *See id.* at 1081. Upon musculoskeletal examination, Plaintiff showed limited flexion and extension in her cervical and lumbar spine and bilateral sciatic notch tenderness to palpation. *See id.* at 1082. He also concluded that Plaintiff had full range of motion in her elbows, wrists, and hands bilaterally, full range of motion bilaterally in hip rotation, backward extension, abduction, and adduction, and full range of motion in knee and ankle flexion and extension. *See id.* Dr. Jenouri further found that Plaintiff's joints were stable and nontender, she had no scoliosis, kuphosis, or abnormality in her thoracic spine. *See id.* As examining her, Dr. Jenouri diagnosed Plaintiff with neck pain, mid-back pain, low-back pain, bilateral lower extremity radiculopathy, right

shoulder pain, and hypertension. *See id.* at 1083. He found her prognosis stable and concluded that Plaintiff had a mild-to-moderate restriction walking and standing for long periods, bending, stair climbing, lifting, and carrying. *See id.*

Another state evaluator, I. Sinha, M.D., similarly concluded that Plaintiff could occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, could stand and/or walk with normal breaks for at least two hours in an eight-hour workday, could sit with normal breaks for about six hours in an eight-hour workday, and could push and pull an unlimited amount. *See id.* at 1086. Dr. Sinha found that Plaintiff's history of back pain with an antalgic gait limited her from even moderate exposure to heights or hazardous machinery. *See id.* at 1088. To support the above-listed restrictions, Dr. Sinha noted that imaging of Plaintiff's lumbar spine in May 2019 was mostly unremarkable, imaging of her hips in 2018 was unremarkable, and examinations in 2019 showed her antalgic gait, reduced lumbar and shoulder range of motion, and tenderness. *See id.* at 1090. Dr. Sinha further considered that Plaintiff could manage activities of daily living, including childcare, personal care, housework, shopping, managing finances, and socializing, which she did with limitations for reaching and ambulation. *See id.*

The ALJ also fully considered treatment notes from Advanced Physical Medicine and Rehab, the Falcon Clinic for Health, Wellness, and Recovery, Slocum-Dickson Medical Group, among others, as well as imaging records. Upon review, the Court finds that these records, in addition to Dr. Jenouri's and Dr. Sinha's findings, are somewhat consistent with the conclusions in Dr. Markwardt's September 2019 and June 2020 opinions. Therefore, even if the ALJ had considered the supportability and consistency factors, the Court finds that the ALJ nonetheless could have concluded that Dr. Markwardt's opinions were "less persuasive." *See Scott A. C. v.*

*Comm'r of Soc. Sec.*, No. 5:20-CV-1530 (BKS/DEP), 2022 WL 3141707, *6 (N.D.N.Y. May 3, 2022) (Peebles, M.J.), *adopted by* 2022 WL 2965585, *3 (N.D.N.Y. July 27, 2022) (Sannes, J.).

Even if the ALJ could have given full weight to Dr. Markwardt's opinions after considering the supportability and consistency factors, the Court finds that Magistrate Judge Peebles correctly found that the moderate limitations in Dr. Markwardt's opinions are not inconsistent with sedentary work. "'Social Security regulations do not provide a standard definition of the term' moderate." *Morales v. Berryhill*, 484 F. Supp. 3d 130, 150 (S.D.N.Y. 2020) (quoting *Brierley v. Saul*, [No. 1:18-CV-00708 CJS], 2020 WL 709609, at *5 (W.D.N.Y. Feb. 12, 2020) (citations omitted)). The regulations define sedentary work, however, as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties," but such walking and standing may only be required "occasionally." *Id.* Courts in this Circuit have frequently found that moderate limitations, including in standing, walking, and sitting, are not inconsistent with the capacity to perform sedentary work. *See Raymonda C. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0178 (GTS), 2020 WL 42814, *4 (N.D.N.Y. Jan. 3, 2020) (Suddaby, C.J.); *Larock v. Comm'r of Soc. Sec.*, No. 7:15-CV-0323 (GTS/WBC), 2016 WL 1697621, *7 (N.D.N.Y. Apr. 5, 2016), *adopted by* 2016 WL 1700408 (N.D.N.Y. Apr. 27, 2016) (Suddaby, C.J.); *Kevin M. v. Kijakazi*, No. 20-CV-6802L, 2022 WL 2704527, *2 (W.D.N.Y. July 12, 2022) (collecting cases). Accordingly, after reviewing the record *de novo*, the Court finds that, for all the reasons stated herein as well as in Magistrate Judge Peebles's Report-Recommendation, the ALJ's error was harmless.

Finally, the Court has reviewed the remainder of the Report-Recommendation, to which Plaintiff did not object, for clear error and has found none.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report-Recommendation, *see* Dkt. No. 15, is **ACCEPTED in its entirety**; and the Court further

**ORDERS** that, for the reasons Magistrate Judge Peebles stated in his Report-Recommendation and for the additional reasons stated herein, Defendant's motion for judgment on the pleadings, *see* Dkt. No. 12, is **GRANTED,** and Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: May 30, 2023
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge